UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

RICHARD FAILLA,                              )
                                             )
           Plaintiff,                        )
                                             )
v.                                           )
                                             )
XPO LOGISTICS FREIGHT, INC.                  )
A Foreign Profit Corporation,                )
                                             )
           Defendant.                        )

## DEFENDANT'S NOTICE OF AND PETITION FOR REMOVAL

Defendant, XPO Logistics Freight, Inc. ("XPO" or "Defendant"), by and through its undersigned counsel, in accordance with the applicable Federal Rules of Civil Procedure and 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of and Petition for Removal (the "Notice"). Defendant requests that the Court remove this action filed by Richard Failla ("Plaintiff") from the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida, to the United States District Court for the Southern District of Florida. The removal of this action is based upon the following:

1. On or about March 6, 2019, Plaintiff filed a civil action in the Circuit Court in and for Miami-Dade County, Florida, captioned Richard Failla v. XPO Logistics Freight, Inc. (the "Circuit Court case"). The Circuit Court case was assigned case number 2019-006540-CA-01.

2. Plaintiff effectuated service of the Complaint on XPO on March 19, 2019. As such, this Notice has been filed within thirty days after service of the Complaint and is timely filed pursuant to 28 U.S.C. § 1446(b)(1).

3. Additionally, a copy of all process, pleadings, and orders served upon Defendant is attached to this Notice as **Exhibit 1**, as required by 28 U.S.C. § 1446(a).

4. A removal is not proper unless "all defendants who have been properly joined and served … consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). XPO has complied with this requirement because it is the only defendant in this matter.

5. Pursuant to 28 U.S.C. § 1446(d), Defendant has provided written notice of the removal to all adverse parties in this action and will be filing a copy of this Notice in the Circuit Court in and for Miami-Dade County, Florida.

6. The district courts of the United States have jurisdiction over this matter because it involves a controversy between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. See 28 U.S.C. § 1332(a).

7. The district and division embracing the place where such action is pending is the United States District Court for the Southern District of Florida, Miami Division. See 28 U.S.C. § 1441(a).

A. **DIVERSITY OF CITIZENSHIP EXISTS**

8. At all relevant times, Plaintiff has been and is a citizen of Miami-Dade County, Florida. See Plaintiff's Complaint at Exhibit 1, ¶ 3.

9. At the time the Complaint in the Circuit Court case was filed, Defendant was, and continues to be, a Delaware corporation with its principal place of business in Ann Arbor, Michigan. See Declaration of Alejandra Gomez in Support of Defendant's Notice of and Petition for Removal ("Decl.") at **Exhibit 2**, ¶ 4. The Ann Arbor Headquarters is the center of management, and XPO's general policies and procedures are formulated there. Id. Defendant's officers direct, control, and coordinate XPO's activities out of Ann Arbor. Id. Therefore,

Defendant is a citizen of both Delaware and Michigan. See 28 U.S.C. § 1332(c)(1); see also Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters….") (citations omitted).

10. As Plaintiff is a citizen of Florida and Defendant is a citizen of Delaware and Michigan, complete diversity of citizenship exists.

B. **AMOUNT IN CONTROVERSY**

11. For purposes of establishing diversity jurisdiction, the Court may consider the entire record presented to it and not just the allegations in the Complaint. See Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010) ("when a removing defendant makes specific factual allegations establishing jurisdiction and can support them (if challenged by the plaintiff or the court) with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations[,] [t]hat kind of reasoning is not akin to conjecture, speculation, or star gazing."); Woolard v. Heyer-Schulte, 791 F. Supp. 294, 296 (S.D. Fla. 1992) (defendant seeking to remove an action based on diversity of citizenship can supply the elements required to establish federal diversity jurisdiction in its removal papers); Baker v. Firestone Tire & Rubber Co., 537 F. Supp. 244, 246 (S.D. Fla. 1982) (same). Courts should not "suspend reality or shelve common sense in determining whether the face of a complaint, or other document, establishes the jurisdictional amount." Pretka, 608 F.3d at 770 (citation omitted).

12. Plaintiff has made an unspecified demand for damages so as to trigger the Eleventh Circuit's Tapscott standard. See Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir.

1996) ("where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."), overruled on other grounds by, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); see also Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010) ("preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant.").

13. As confirmed by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, this court needs to find only by the preponderance of the evidence that the amount in controversy is satisfied.[1] See 28 U.S.C. § 1446(c)(2)(B).

14. In the WHEREFORE clauses following Counts I and II of the Complaint, Plaintiff claims that he is seeking, inter alia, back pay, benefits' adjustment, front pay, compensatory damages, costs, attorneys' fees, and such additional relief as the Court deems just and proper. See Plaintiff's Complaint at Exhibit 1, WHEREFORE clauses immediately following ¶¶ 28 and 37.

15. Under the Florida Civil Rights Act ("FCRA"), which is the basis for Count I of the Complaint, if Plaintiff prevails in this matter, the Court may issue "an order prohibiting the discriminatory practice and providing affirmative relief from the effects of the practice, including back pay. The court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive

---

[1] A plaintiff's unspecified demand does not place upon a removing defendant the daunting burden of proving, to a legal certainty, that a plaintiff's damages exceed the amount in controversy requirement. Tapscott, 77 F.3d at 1357.

damages." Fla. Stat. § 760.11(5). Additionally, the Court, "in its discretion, may allow the prevailing party a reasonable attorney's fee as part of the costs." Id.

### BACK PAY AND FRONT PAY

16. In determining whether the amount in controversy has been met, the Court may consider Plaintiff's recoverable back pay through the proposed date of trial. See Brown v. Cunningham Lindsey U.S., Inc., No. 3:05-cv-141-J-32HTS, 2005 U.S. Dist. LEXIS 38862, at **9-17 (M.D. Fla. 2005).

17. Plaintiff was employed by XPO in Florida until his employment was terminated on March 29, 2018. See Decl., ¶ 5. At the time his employment ended, Plaintiff was a earning approximately $1,482.74 per week. Id. at ¶ 6.

18. Since Plaintiff's termination from XPO, his lost wages to date for 55 weeks total approximately $81,550.70. It is reasonable to assume, however, that by the time of trial, should Plaintiff prevail, his back pay damages could be approximately $158,653.18.[2] Therefore, the amount in controversy is easily satisfied.

19. Further, Plaintiff also is seeking front pay. Because Plaintiff was earning approximately $1,482.74 per week, assuming Plaintiff prevails at trial and is awarded three years of front pay, that would total $231,307.44 (156 weeks x $1,482.74/week). Therefore, the amount in controversy would be independently satisfied from the front pay number as well.

### COMPENSATORY DAMAGES

20. Plaintiff also seeks compensatory damages. See Plaintiff's Complaint at Exhibit 1, WHEREFORE clauses immediately following ¶¶ 28 and 37.

---

[2] Assuming this matter is tried in April 2020 (which is one year after the lawsuit is removed), Plaintiff could be entitled to approximately 107 weeks of back pay at $1,482.74/week.

21. Evidence of compensatory damages can be considered in ascertaining whether the amount in controversy exceeds $75,000. See Pease v. Medtronic, Inc., 6 F. Supp. 2d 1354, 1357 (S.D. Fla. 1998). Courts in the Southern District of Florida have observed that in determining the propriety of removal, an award of compensatory damages "could easily match the amount of economic damages." Barnes v. Jetblue Airways Corp., No. 07-60441-CIV-COHN, 2007 U.S. Dist. LEXIS 33276, at *5 (S.D. Fla. May 7, 2007) (finding that the $75,000 jurisdictional amount was satisfied for diversity purposes based, in part, on plaintiff's claim for compensatory damages).

22. Therefore, based on the fact that Plaintiff is seeking compensatory damages, the amount in controversy would easily be satisfied. See Roe, 613 F.3d at 1061-62 ("Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.") (citations omitted).

## ATTORNEYS' FEES

23. Moreover, Plaintiff seeks recovery for reasonable attorneys' fees, which are expressly provided for by the FCRA. See Plaintiff's Complaint at Exhibit 1, WHEREFORE clauses immediately following ¶¶ 28 and 37.

24. The Eleventh Circuit has made it clear that "when a statutory cause of action entitles a party to recover reasonable attorneys' fees, the amount in controversy includes consideration of the amount of those fees." Cohen, 204 F.3d at 1079 (citing Mo. State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933)); Gleason v. Roche Labs., Inc., No. 3:08-cv-1172-J-12HTS, 2009 U.S. Dist. LEXIS 25580 at *5 n.1 (providing that because the plaintiff is entitled to an award of attorneys' fees if she prevails under the FCRA, attorney fees for the entire case could be considered in determining whether the amount in controversy has been satisfied)); Mirras v. Time Ins. Co., 578

F. Supp. 2d 1351, 1353 (M.D. Fla. 2008) (citing Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000) (same)).

25. Based on Plaintiff's ability to recover attorneys' fees, it is likely that Plaintiff will seek in excess of $75,000 in attorneys' fees if the matter is litigated through trial. See, e.g., Holland v. Gee, No. 8:08-cv-2458-T-33AEP, 2012 U.S. Dist. LEXIS 164956, at *23 (M.D. Fla. Oct. 23, 2012) (granting plaintiff's motion for attorneys' fees in Title VII and FCRA case in the amount of $112,203); Ramsey v. Alabama PSC, No. 96-T-275, 2000 U.S. Dist. LEXIS 5095, at *5 (M.D. Ala. Apr. 13, 2000) (holding that plaintiff in Equal Pay Act and Title VII discrimination claim was entitled to an award of fees in the amount of $94,012.75).

## C.  **CONCLUSION**

26. Based on Plaintiff's claims for back pay, front pay, compensatory damages, and attorneys' fees, XPO has established by a preponderance of the evidence that the amount in controversy in this matter is in excess of $75,000. See Read v. GMAC Ins. Co. Online, No. 13-14316-CIV, 2013 U.S. Dist. LEXIS 192572, at *7 (S.D. Fla. Sep. 11, 2013) ("Making reasonable deductions, inferences, and other reasonable extrapolations from the pleadings, the Court finds that Plaintiff was seeking damages in excess of $75,000.00 from GMAC at the time of removal").

WHEREFORE, Defendant, XPO Logistics Freight, Inc., respectfully requests that the United States District Court for the Southern District of Florida accept the removal of this action from the Circuit Court and direct that the Circuit Court in and for Miami-Dade County, Florida, has no further jurisdiction of this matter unless and until this case is remanded.

Respectfully submitted,

/s/ Mendy Halberstam
Mendy Halberstam, Esq.
Florida Bar No. 68999
E-mail: m*endy.halberstam@jacksonlewis.com*
Stephanie M. Spritz, Esq.
Florida Bar No. 113128
E-mail: *stephanie.spritz@jacksonlewis.com*
JACKSON LEWIS P.C.
One Biscayne Tower, Suite 3500
Two South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 577-7651
Facsimile: (305) 373-4466

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List via transmission of Notice of Electronic Filing generated by CM/ECF and Electronic Mail.

s/Mendy Halberstam
Mendy Halberstam, Esq.

## SERVICE LIST

**United States District Court for the Southern District of Florida**
*Robert McNiven v. XPO Logistics Freight, Inc.*

Case No. _____

| | |
|---|---|
| Jason S. Remer, Esq.<br>Florida Bar No. 165580<br>E-mail: jremer@rgpattorneys.com<br>Miriam Brooks, Esq.<br>Florida Bar No. 0118144<br>E-mail: mbrooks@rgpattorneys.com<br>Manuel A. Antommattei, Esq.<br>Florida Bar No. 1010327<br>E-mail: maa@rgpattorneys.com<br>REMER & GEORGES-PIERRE, PLLC<br>Courthouse Tower<br>44 West Flagler Street, Suite 2200<br>Miami, FL 33130<br>Telephone: (305) 416-5000<br>Facsimile: (305) 416-5005<br><br>*Attorneys for Plaintiff(s)* | Mendy Halberstam, Esq.<br>Florida Bar No. 68999<br>E-mail: m*endy.halberstam@jacksonlewis.com*<br>Stephanie M. Spritz, Esq.<br>Florida Bar No. 113128<br>E-mail: *stephanie.spritz@jacksonlewis.com*<br>JACKSON LEWIS P.C.<br>One Biscayne Tower, Suite 3500<br>Two South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7651<br>Facsimile: (305) 373-4466<br><br>*Attorneys for Defendant* |

4823-7156-2897, v. 1